[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-12890
Non-Argument Calendar

————————————————

D.C. Docket No. 3:17-cr-00039-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK JOSHUA MITCHELL,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(March 20, 2019)

Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Mark Mitchell appeals his 240-month total sentence after pleading guilty to seven counts of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.  He argues that the district court erred (1) by running his 120-month sentence on Count 1 consecutively to the 120-month sentence that ran concurrently on Counts 2 through 7, and (2) by running 60 months of his 240-month total sentence concurrently to anticipated terms of imprisonment in three state court cases, instead of running the entire sentence concurrently to the anticipated state sentences.

We review *de novo* the district court's interpretation and application of the sentencing guidelines.  *United States v. Moran*, 778 F.3d 942, 959 (11th Cir. 2015).  The sentencing court's factual determinations are reviewed for clear error. *Id.*  At sentencing, "[a] court may consider any information (including hearsay), regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the information is sufficiently reliable."  *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999).

Section 5G1.3(c) of the Sentencing Guidelines provides that where "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections

2

(a)(1), (a)(2), or (a)(3) of § 1B1.3 . . ., the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."  U.S.S.G. § 5G1.3(c).  Section 1B1.3(a) explains that "relevant conduct" is conduct that may be considered to determine "(i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three."  U.S.S.G. § 1B1.3(a); *see also* U.S.S.G. § 1B1.3(a)(1), (a)(2), (a)(3).

Nonetheless, sentencing judges retain their common law discretion "to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed . . . in state proceedings," including "where a federal judge anticipates a state sentence that has not yet been imposed."  *United States v. Setser*, 566 U.S. 231, 236-37 (2012).

Also, the district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  The court also must consider the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).  In addition, "[n]o limitation shall be placed on the information concerning the background, character,

and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

Here, the district court did not err by running 60 months of Mitchell's 240-month total sentence concurrently with an anticipated state term of imprisonment. Because none of the underlying burglaries were relevant conduct as defined in U.S.S.G. § 1B1.3, and as that guideline is cross-referenced in U.S.S.G. § 5G1.3(c), § 5G1.3(c) was not implicated in Mitchell's case. Instead, the district court properly considered the underlying state-crime burglaries as part of its analysis of the sentencing factors outlined in 18 U.S.C. § 3553(a); and 18 U.S.C. § 3661 explicitly places no limit on the information a sentencing judge may consider in imposing a reasonable sentence. Besides, Mitchell's argument that § 5G1.3(c) necessarily required the court to run his sentence for Count 1 concurrently to the sentence for Counts 2 through 7 fails, because as previously explained, § 5G1.3 did not apply. Most important, nothing in the Sentencing Guidelines limits a sentencing judge's common law authority to decide whether to run a sentence concurrently or consecutively, even when a state term of imprisonment is anticipated.

**AFFIRMED.**